UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-7681

RASHID QAWI AL-AMIN,

Plaintiff - Appellant,

v.

LINDA SHEAR, in her individual and official capacities;
RUFUS FLEMING, in his individual and official capacities; G.
P. WILLIAMS, in his individual and official capacities; D.
M. FERGUSON, in his/her individual and official capacities;
S. J. ADVENT, in his individual and official capacities;
CHARLIE DAVIS, in his individual and official capacities; M.
L. POPE, in his individual and official capacities; CLYDE
ALDERMAN, in his individual and official capacities; C.
BAYLOR, in his individual and official capacities; BLAINE
BROCK, Food Service Manager,

Defendants – Appellees,

and

GENE JOHNSON, in his official capacity; NATHANIEL FARROW,
Food Service Staff,

Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Raymond A. Jackson, District
Judge. (2:04-cv-00346-RAJ-FBS)

Submitted: March 6, 2009          Decided: April 10, 2009

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

———————————

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

———————————

Rashid Qawi Al-Amin, Appellant Pro Se.  Mark R. Davis, Assistant Attorney General, Richmond, Virginia; Paul Graham Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia; Peter M. Coppinger, Gregory D. Cote, MCCARTER & ENGLISH, LLP, Boston, Massachusetts, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashid Q. Al-Amin, a Virginia prisoner, appeals from the district court's orders granting summary judgment to Defendants in Al-Amin's suit under 42 U.S.C. § 1983 (2000) and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). For the reasons that follow, we affirm in part and vacate and remand in part.

## I.

Al-Amin's first claim is that Defendants violated RLUIPA by requiring him to use both his committed name and his legal name to access his inmate account. Al-Amin alleged that he legally changed his name from Tracy Jones in 1991. He asserted that he is a practicing Muslim who sincerely believes the name "Jones" is offensive to his religious beliefs. In addressing Al-Amin's claim, the district court relied on Thacker v. Dixon, 953 F.2d 639 (4th Cir. 1992), an unpublished case decided prior to the enactment of RLUIPA. However, Thacker does not apply the appropriate RLUIPA test.

RLUIPA prohibits prisons from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate that the burden (1) is in furtherance of a compelling governmental interest and (2) is the least restrictive means of furthering that interest. 42 U.S.C.

3

§ 2000cc-1(a)(1)-(2) (2000). The plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion and (2) that the challenged practice substantially burdens that exercise. 42 U.S.C. § 2000cc-2(b) (2000). Once the plaintiff establishes a prima facie case, the defendants bear the burden of persuasion on whether their practice is the least restrictive means of furthering a compelling governmental interest. Lovelace v. Lee, 472 F.3d 174, 186 (4th Cir. 2006). "Religious exercise" includes an exercise of religion, whether or not compelled by, or central to, a system of religious belief. 42 U.S.C. § 2000cc-5(7)(A) (2000). A "substantial burden" on the free exercise of religion is one that forces adherents of a religion to modify behavior, to violate beliefs, or to choose between forfeiting governmental benefits and abandoning a religious precept. Lovelace, 472 F.3d at 187.

Thus, the district court's conclusion, via Thacker, that Al-Amin had alternative ways to practice his religion and that the prison would be burdened if it had to change its filing system does not address the applicable RLUIPA test. Al-Amin alleged that his given name is religiously offensive to him and that the prison's requirement that he use his given name forced him to either violate his beliefs or forego accessing his prison account. Thus, we conclude that he has presented a prima facie case that the prison violated RLUIPA. The district court made

4

no findings as to the sincerity of Al-Amin's beliefs or whether the regulation was the least restrictive method of furthering a compelling government policy. Because the district court did not apply the correct legal standard, we vacate the district court's order and remand for further proceedings for the district court to apply the RLUIPA test.

## II.

The district court dismissed Al-Amin's claims regarding Ramadan of 2001 as barred by the two-year statute of limitations applicable to § 1983 suits in Virginia.[1] However, Al-Amin's complaints regarding Ramadan in 2001 were also brought under RLUIPA.

RLUIPA does not contain its own statute of limitations period. However, for civil actions "arising under an Act of Congress enacted after [December 1, 1990]," the appropriate limitations period is four years. 28 U.S.C. § 1658 (2006); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (holding that four year statute of limitations applies if the plaintiff's claim against the defendant was made possible by a post-1990 enactment). RLUIPA was enacted in September 2000; it

---

[1] Al-Amin's complaint was signed in May 2004 and filed in June 2004.

5

created a new right of action which Al-Amin seeks to invoke in this complaint. Thus, the proper limitations period is four years, and the district court improperly dismissed Al-Amin's RLUIPA claims regarding Ramadan of 2001. Accordingly, we vacate the dismissal of this claim and remand for consideration of the merits of the cause of action.

## III.

The district court dismissed on statute of limitations grounds Al-Amin's claim that prison officials discriminated against Islamic materials in the chaplain's library in violation of the Equal Protection Clause. Specifically, the court found that a two-year limitations period applied[2] and that the latest date alleged by Al-Amin regarding this claim was his assertion that Defendants returned materials he attempted to donate and rejected his related grievance in April 2002.

In his informal brief, Al-Amin asserts that he alleged an ongoing violation in his complaint and that certain of his allegations specifically concerned actions in June 2002, within the limitations period. Al-Amin is correct. In his complaint,

---

[2] The parties do not dispute that Virginia's two-year statute of limitations applied to this equal protection claim. See Lewis v. Richmond City Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991).

Al-Amin averred that Defendant Williams "[c]onsistently denied, and continues to deny, approval for donations of Islamic videos and audio tapes purchased by Muslim inmates." Moreover, in the materials submitted in opposition to Defendants' motion for summary judgment, Al-Amin submitted documents showing that his attempt to donate four videotapes was denied in June 2002 and that his related grievance was denied in July 2002.

Because Al-Amin specifically alleged unconstitutional actions within two years prior to filing the complaint, his claim was improperly dismissed as untimely. While it may be that certain aspects of the claim are barred by the statute of limitations, the district court incorrectly dismissed all of Al-Amin's complaints regarding the donation of Islamic materials to the chaplain's library. Accordingly, we vacate the dismissal of this claim and remand for further proceedings.

IV.

Al-Amin asserted that prison officials refused to accommodate his diet requirements during Ramadan in 2002 and 2003. Specifically, Al-Amin is a Sunni Muslim. As such, he eats only Halal (or Kosher) foods. In addition, during the Ramadan fast, he can only eat prior to sunrise and after sunset. Al-Amin appears to allege that Defendants gave him two choices: (1) Kosher food ("Common Fare") without any special

7

consideration for ceremonial meals or (2) non-Kosher, ceremonial food ("Ramadan menu").

The district court asserted that Al-Amin was alleging "that he did not receive the meals he wanted, not that he failed to receive meals that conformed to his religious beliefs." The district court concluded that Al-Amin chose the "Ramadan menu" and, thus, could not complain that he no longer received his Common Fare meals.

Neither Al-Amin nor the district court is clear as to the legal basis for his claim. However, the district court examined whether Al-Amin showed that his free exercise was "substantially burdened." Thus, it appears that the district court considered the claim under RLUIPA.[3] Al-Amin does not challenge the district court's legal framework on appeal.

Al-Amin has raised shifting allegations regarding these claims. However, construing his allegations and evidence liberally, it appears that he is claiming that prison officials removed him from his Common Fare diet during Ramadan 2002 and 2003, without his consent. His 2002 claims are easily dispensed

---

[3] RLUIPA provides more protection to inmates' free exercise rights than does the First Amendment. Lovelace, 472 F.3d at 199-200.

with due to the form he completed asking for the Ramadan menu.[4] His 2003 claims are more complex, since there is a material issue of fact as to whether he asked to be removed from his Common Fare diet. The Defendants assert that he did, but provide no proof. Al-Amin claims that he did not and submits affidavits of other inmates in support.

Assuming that Al-Amin was removed from his Common Fare diet without consent during Ramadan 2003, the question becomes whether removal from Common Fare constituted a substantial burden on Al-Amin's exercise of his religion. Assuming that Al-Amin's religion requires him to eat Kosher food, the denial of such food for a month would constitute a substantial burden. Essentially, he would face the choice of violating a religious tenet or going without food. See Baranowski v. Hart, 486 F.3d 112, 125 (5th Cir.) (finding that denying Kosher food to an observant Jew was a substantial burden), cert. denied, 128 S. Ct. 707 (2007). The burden would then shift to Defendants to show that the denial of Kosher food during Ramadan 2003 was the least restrictive means of furthering a compelling governmental

---

[4] The form is certainly unclear. Al-Amin crossed through the sentence requesting Common Fare meals; however, his text requested Kosher Ramadan meals. It appears that Al-Amin was attempting to receive some sort of special "ceremonial" meal as opposed to the regular Common Fare meals. However, he fails to offer any specifics or to allege how the denial of ceremonial meals impacted the exercise of his religion.

interest.  Since Defendants assert that Al-Amin chose to be removed from his Common Fare diet, they have not addressed this prong.

Accordingly, while we affirm the district court's grant of summary judgment on Al-Amin's claims regarding Ramadan 2002, we conclude that there is a material issue of fact preventing summary judgment – namely, whether Al-Amin requested to be removed from his Common Fare diet during Ramadan 2003.  If he did, the analysis ends, as the denial of Common Fare food was his own choice.  If he did not, the district court should then complete the RLUIPA inquiry.  Accordingly, we vacate the grant of summary judgment with regard to Al-Amin's claims concerning Ramadan 2003 and remand for further proceedings.

V.

We affirm the grant of summary judgment as to all other claims for the reasons stated by the district court. Al-Amin v. Shear, No. 2:04-cv-00346-RAJ-FBS (E.D. Va. Mar. 21 & July 25, 2008).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

10