# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20297

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2019

Lyle W. Cayce
Clerk

ERIC DEMOND LOZANO,

      Plaintiff-Appellant,

v.

DEBORAH L. SHUBERT, Kitchen Captain, Texas Department of Criminal Justice; ROBERT D. HERRERA, Head Warden, Texas Department of Criminal Justice; PAUL B. WILDER, Assistant Warden, Texas Department of Criminal Justice; DAVID E. NICHOLS, Chaplain, Texas Department of Criminal Justice; AMY OLIVER, Grievance Coordinator, Texas Department of Criminal Justice,

      Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1183

Before OWEN, WILLETT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

On August 26, 2017, Texas prison officials temporarily evacuated Eric Demond Lozano from a state prison in Otey, Texas (Stringfellow Unit), to a state prison near Navasota, Texas (Pack Unit). Hurricane Harvey had just

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20297

made landfall as Category 4 hurricane.   Lozano—a Muslim—claims he received kosher meals at the Stringfellow Unit but not at the Pack Unit.

Lozano brought a § 1983 suit against the defendants in their individual capacities, hoping to force them to pay $2,000 in nominal damages and $1,000,000 in punitive damages.  He alleged Pack Unit officers violated the First Amendment's Free Exercise Clause and the Fourteenth Amendment's Equal Protection Clause by refusing to provide him Kosher meals.  The district court summarily dismissed Lozano's complaint with prejudice under 28 U.S.C. § 1915A and denied him in forma pauperis (IFP) status on appeal.

When a district court denies IFP status on appeal, a litigant has two options.  He can simply appeal and pay the filing fee.  FED. R. APP. P. 3(e).  Or he can file an IFP motion in the court of appeals.  FED. R. APP. P. 24(a)(5).  Lozano chose option two.   He appealed without paying, and asked for permission to proceed IFP.  Accordingly, we ask whether the district court erred in concluding Lozano could not bring this appeal in good faith.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

First, Lozano's free exercise claim fails.  We have "already ruled that prisons need not respond to particularized religious dietary requests to comply with the First Amendment."  *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007).  We have also recognized the Religious Land Use and Institutionalized Persons Act does not create a cause of action against defendants sued in their individual capacities.  *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011).  Therefore, the dismissal of Lozano's free exercise claim is affirmed.

Lozano's second claim is more complicated.   He argues that the defendants violated the Equal Protection Clause by feeding Jewish prisoners kosher food while refusing to serve him that same food or other halal food that was available.  The district court dismissed this claim because it concluded the

kosher food served to Jewish inmates had been "donated by third parties to the Jewish inmate evacuees."

"To establish an Equal Protection Clause violation, [a plaintiff] must prove purposeful discrimination resulting in a discriminatory effect among persons similarly situated." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017). An equal protection claim also requires a *state actor* to be the source of the challenged discrimination.  *See* U.S. CONST. amend. XIV, § 1 ("No State shall . . . deny to any person within its jurisdiction the equal protection of the laws.").  There is no discriminatory state action where prison officials act as mere conduits for a transfer from a third-party outside of the prison to an inmate within its walls.  In that scenario, the State's action is not discriminatory, and the discriminatory action is not done by the State.

Consider an example.  Sarah, who is not incarcerated, sends a letter addressed to her brother Stephen, a state prisoner.  Prison officials operate an internal mail system that distributes her letter—and many others—to the intended addressee.  No one thinks Stephen's letter becomes the property of the prison once it passes behind its walls.  And no one thinks it would be an equal protection violation for prison officials to duly deliver the letter to Stephen without cutting Sarah's letter in half to give some other inmate an equal share.  The State acts by distributing the mail, but Sarah discriminates by not sending letters to other prisoners.

The district court thought something similar was happening here.  It read the pleadings as contending prison officials simply refused to divert meals earmarked for Jewish inmates to Muslim inmates like Lozano.  That would not be a problem.

But Lozano's allegations in his brief on appeal suggest a different situation—one where prison officials either had permission to share those

donations with non-Jewish inmates, or had other non-donated foods they refused to furnish Lozano. That *would* be a problem. Prison officials would be the source of discriminatory action if they refused to accept or distribute items otherwise available on equal terms. *See, e.g.*, *Kaufman v. Pugh*, 733 F.3d 692, 699–700 (7th Cir. 2013); *Al-Amin v. Shear*, 325 F. App'x 190, 193–94 (4th Cir. 2009); *Crocker v. Durkin*, 159 F. Supp. 2d 1258, 1275 (D. Kan. 2001); *Varsanyi v. Piazza*, No. 3:CV-10-2072, 2015 WL 1643036, at *5, 8 (M.D. Penn. Apr. 9, 2015); *Jackon v. Ellis*, No. 3:7-CV-67, 2009 WL 2579394, at *4 (N.D. Fla. Aug. 18, 2009).

It is possible that Lozano has pled or could plead an Equal Protection claim. He alleges (and submits declarations to prove) that TDCJ dedicated a portion of the Pack Unit kitchen to prepare and serve kosher meals during the hurricane evacuation. He alleges TDCJ refused to serve him non-donated halal foods from that kitchen. Lozano further alleges TDCJ bought kosher meals to supplement the donated kosher meals and then refused to serve those to him. Moreover, Lozano suggests (but does not clearly plead or argue) TDCJ officials assembled the list of inmates who would receive the donated kosher food, which in turn suggests TDCJ was responsible for denying Lozano kosher meals. Finally, he alleges that two of the defendants laughed when he asked for kosher foods, and one told him that he should have been a Jew rather than a Muslim. Lozano allegedly lost 14 pounds and incurred multiple visits to the infirmary because of the defendants' actions.

Even if the allegations in Lozano's complaint do not state a claim under the Equal Protection Clause, however, the district court did not notify Lozano before it dismissed his claim with prejudice. It thus denied Lozano an "adequate opportunity to cure the inadequacies in his pleading." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017). He was not

given notice and an opportunity to amend his complaint, he was not given a questionnaire, and he was not afforded a *Spears* hearing. *See id.* "With the benefit of more specific allegations, [Lozano] may be able to state a claim" against one or more of the defendants for violating his right to equal protection. *Id.* at 423–24.

The district court erred by refusing to certify Lozano's appeal for IFP status. At this stage, we need not decide whether the facts ultimately establish an equal protection violation. *See Baugh*, 117 F.3d at 202. Lozano's motion to proceed IFP is GRANTED. The dismissal with prejudice of Lozano's free exercise claim is AFFIRMED. The dismissal with prejudice of his equal protection claim is VACATED and REMANDED for further proceedings.