# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30610

LARRY DUPREE ALDERSON,

United States Court of Appeals
Fifth Circuit

**FILED**
February 9, 2017

Lyle W. Cayce
Clerk

Plaintiff–Appellant,

v.

CONCORDIA PARISH CORRECTIONAL FACILITY; WARDEN LANCE MOORE; GEORGE BYRNES, Chief of Security; SHEILA SPINNER, Administrative Assistant; CAPTAIN KELLY MOORE; CAPTAIN JACKIE JOHNSON; DEBRA COWAN, Administrative Assistant; LIEUTENANT HARVEY BRYANT,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana

Before ELROD, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:

Appellant Larry Alderson, a pretrial detainee, brought this action under 42 U.S.C. § 1983 against the Concordia Parish Correctional Facility and several of its department heads and employees. He alleged that the defendants provided him inadequate security and impermissibly delayed medical care. Alderson, who represented himself *in forma pauperis*, amended his complaint pursuant to the instructions of a magistrate judge. The magistrate judge then recommended that the complaint be dismissed with prejudice for failure to state a claim. The district court adopted the magistrate judge's report and recommendation over Alderson's objections. Alderson now appeals in part the district court's dismissal of his amended complaint. We AFFIRM in part the

No. 15-30610

district court's judgment except as to dismissal of the claims of inadequate medical care against Lieutenant Harvey Bryant. We REVERSE in part the district court's judgment dismissing the claim that Bryant was deliberately indifferent to Alderson's need for medications prescribed by the hospital following an incident in which Alderson was assaulted by Concordia Parish Correctional Facility inmates. We REMAND for further consideration both of this claim and of the claim that Bryant impermissibly delayed Alderson's initial medical evaluation.

## I.

Alderson alleges that he was brutally attacked in the Concordia Parish Correctional Facility (CPCF) on the morning of December 22, 2014.[1] The attack took place in G Dorm, where Alderson, a pretrial detainee, was housed with Department of Correction (DOC) inmates due to a misclassification by Chief of Security George Byrnes and Administrative Assistant Sheila Spinner. Alderson's assailants were two DOC inmates whom he did not know. They stabbed him and stomped on him in an attack that lasted at least three to five minutes. When Alderson raised concerns about his safety and his medical condition after the attack, Lieutenant Harvey Bryant sent him to lockdown in a cell with DOC inmates. It was not until after Alderson and his family made numerous complaints to staff that Bryant returned to the cell, took pictures of Alderson's injuries using his own cell phone instead of the investigative camera used for documenting incidents, and then left Alderson for an hour before taking him to the hospital.

---

[1] This statement of facts takes Alderson's allegations as true and views them in the light most favorable to the plaintiff. *See Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). It is drawn from Alderson's objections to the magistrate judge's report and recommendations as well as from Alderson's amended complaint. *See Johnson v. Epps*, 479 F. App'x 583, 587–89 (5th Cir. 2012); *Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1081–82 (5th Cir. 1991).

No. 15-30610

Alderson was prescribed antibiotics and painkillers after being diagnosed with bruised or broken ribs and multiple puncture wounds to his face, head, and body. When Alderson asked Bryant for the medications that he had been prescribed to prevent infection and to alleviate pain, Bryant told him, "Man up & wait til [sic] medical staff returns from the Christmas holiday."[2] Alderson did not receive his medications until January 2, 2015, which caused him to risk infection and to suffer "a tremendous amount of pain for over a week." Alderson's amended complaint states, "My only injury during that time was [an] excruciating amount of pain." Alderson also states that, since the events described above, he has suffered from mental instability, has been on psychiatric medications, and has been "in constant fear for my life from inmates & staff."

The magistrate judge recommended that Alderson's amended complaint be denied and dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim. With respect to Alderson's claims against CPCF, the magistrate judge determined that CPCF is not a juridical person subject to being sued. With respect to Alderson's claims against the individual defendants, the magistrate judge determined that Alderson did not specifically allege any actionable misconduct. The district court adopted the magistrate judge's report and recommendation after an independent review of the record, including Alderson's objections. However, the district court did not expressly analyze Alderson's objections. Alderson now appeals the judgment dismissing his claims.[3]

---

[2] Alderson has alleged that Officer King also told him he could not get his medications until the holidays ended. However, Officer King is not a defendant in this case.

[3] Alderson does not appeal the dismissal of his claims against CPCF. Even assuming *arguendo* that his brief could be liberally construed to appeal the dismissal of claims against CPCF, the district court correctly determined that CPCF is not a juridical person pursuant

No. 15-30610

## II.

A district court's dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim is reviewed *de novo* under the same standard applied to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998). Thus, we review the district court's dismissal "taking the facts alleged in the complaint as true and viewing them in the light most favorable to" the plaintiff. *Atkinson*, 623 F.3d at 280. In doing so, we construe *pro se* pleadings liberally. *United States v. Riascos*, 76 F.3d 93, 95 (5th Cir. 1996). The question before us is whether the facts alleged by the plaintiff are sufficient to support a reasonable inference that the defendants are liable under § 1983. *See Legate*, 822 F.3d at 210.

Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment. *Cupit v. Jones*, 835 F.2d 82, 84–85 (5th Cir. 1987). To succeed in a § 1983 action based on "episodic acts or omissions" in violation of Fourteenth Amendment rights, a pretrial detainee must show subjective deliberate indifference by the defendants. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc).[4] That is, the plaintiff must show that the official

---

to Federal Rule of Civil Procedure 17(b) and the Louisiana law that the rule incorporates. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D.La. 1998).

[4] The concurring opinion suggests that our *en banc* court should reconsider *Hare* in light of the Supreme Court's opinion in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Because the Fifth Circuit has continued to rely on *Hare* and to apply a subjective standard post-*Kingsley*, this panel is bound by our rule of orderliness. *See Estate of Henson v. Wichita Cty.*, 795 F.3d 456 (5th Cir. 2015); *see also Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016); *Zimmerman v. Cutler*, 657 F. App'x 340 (5th Cir. 2016). Moreover, the Ninth Circuit is the only circuit to have extended *Kingsley*'s objective standard to failure-to-protect claims. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Even if *Kingsley* did require us to adopt a new standard for failure-to-protect claims, this would not change the outcome of the case because Alderson has not stated a failure-to-protect claim by alleging that any specific defendant made an intentional decision with respect to the conditions of his confinement, that a reasonable officer in the circumstances would have appreciated the high degree of risk involved, and that any defendant failed to take reasonably available measures

4

knew of and disregarded a substantial risk of serious harm. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference." *Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999). To reach the level of deliberate indifference, official conduct must be "wanton," which is defined to mean "reckless." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Under § 1983, officials are not vicariously liable for the conduct of those under their supervision. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Supervisory officials are accountable for their own acts of deliberate indifference and for implementing unconstitutional policies that causally result in injury to the plaintiff. *Id.*

### A.

The district court correctly dismissed Alderson's failure-to-protect claims against Chief of Security George Byrnes, Administrative Assistant Sheila Spinner, Warden Lance Moore, Captain Kelly Moore, and Captain Jackie Johnson. When the state deprives an individual of the freedom to act on his own behalf, the Fourteenth Amendment imposes on the state a duty to protect that individual. *Hare*, 74 F.3d at 639. "The confinement of pretrial detainees indiscriminately with convicted persons is unconstitutional unless such a practice is reasonably related to the institution's interest in maintaining jail security or physical facilities do not permit their separation." *Jones v. Diamond*, 636 F.2d 1364, 1374 (5th Cir. 1981).

Even assuming that Alderson should not have been housed with DOC detainees as he alleges, we nevertheless hold that Alderson has failed to state a claim against Byrnes and Spinner for misclassifying him. To state a claim

---

to abate the risks associated with housing pre-trial detainees and DOC inmates together. *See id.* at 1071 (listing elements of a failure-to-protect claim pursuant to extension of *Kingsley*).

against Byrnes and Spinner, Alderson must allege that their misclassification of him was due to deliberate indifference. That is, he must allege that they knew of and disregarded a substantial risk of serious harm. *See Domino*, 239 F.3d at 755. Alderson alleged, "[T]his institution was informed that there was concerns for my safety." He explained that, although he did not personally make his safety concerns known to anyone at CPCF prior to the attack, his transfer to the facility was prompted by recognition that he faced special danger due to the nature of the charges on which he was arrested. Alderson's allegation that CPCF had knowledge of his danger is not a sufficient allegation that any specific defendant had knowledge of a substantial risk of serious harm to Alderson based upon his classification. Because he has not alleged that Byrnes and Spinner had knowledge of such a risk, Alderson has not linked their alleged misclassification to deliberate indifference toward that risk. Accordingly, Alderson has failed to state a claim based on their misclassification.[5]

Alderson has similarly failed to state a claim for supervisory liability against Byrnes, Spinner, Lance Moore, Kelly Moore, and Johnson. To hold any of these defendants liable as supervisory officials under § 1983, Alderson must allege either that they participated in acts that caused constitutional deprivation or that they implemented unconstitutional policies causally related to his injuries. *See Mouille*, 977 F.2d at 929. It is unclear whether Alderson seeks to rely on participation in acts that caused constitutional

---

[5] In affirming the district court's dismissal, we do not rely on the district court's observation that "the housing of convicted inmates with pretrial detainees is not per se unconstitutional." Housing pretrial detainees with DOC inmates is a violation of their rights "unless such a practice is reasonably related to the institution's interest in maintaining jail security or physical facilities do not permit their separation." *Diamond*, 636 F.2d at 1374. Alderson has alleged a violation of the rule against housing pretrial detainees with DOC inmates, and nothing suggests that an exception to the rule applies.

deprivation, implementation of unconstitutional policies, or both. We recognize that a plaintiff may plead these theories in the alternative and, accordingly, consider both possibilities. *See Estate of Henson*, 795 F.3d 456. However, Alderson has not stated a claim under either theory of liability because he has not identified any specific defendant as responsible for a specific act that caused constitutional deprivation or for a specific unconstitutional policy causally related to his injuries.

Alderson named the supervisory officials as defendants and alleged generally that they failed in their responsibilities as department heads and individuals otherwise positioned to ensure that he was correctly housed, to ensure that surveillance and security checks were adequate, to check inmates' backgrounds, and to provide inmates transferred to CPCF for security reasons a safe and secure environment. Alderson made these allegations against the supervisory officials as a group, despite the magistrate judge's instruction to "state what each defendant did." He also alleged that his attack was monitored by two cameras, implying that "the officers assigned to these cameras" should have seen and stopped the attack. However, he did not identify the officers or allege that any of the supervisory officials were responsible for monitoring the cameras. Thus, Alderson failed to allege any particular defendant's personal involvement in conduct that caused constitutional deprivation.

Nor has Alderson sufficiently alleged that any of the defendants implemented an unconstitutional policy causally related to his injury. He has alleged that DOC inmates and pretrial detainees wear different uniforms and that DOC inmates housed with pretrial detainees were ordered to change uniforms during a prison inspection, potentially suggesting that prison officials were consciously implementing and concealing a policy or practice of housing DOC inmates with pretrial detainees. On the other hand, the same incident could also be evidence that supervisory officials at the prison had

7

No. 15-30610

communicated that inmates and detainees should be housed separately and that other prison staff were trying to conceal their violation of this policy. Alderson's allegations do not show that an unconstitutional policy existed or that any particular defendants implemented the policy if it did exist. Thus, Alderson has not stated a failure-to-protect claim, and the district court's dismissal should be affirmed.

**B.**

The district court properly dismissed Alderson's claims of inadequate medical care against Administrative Assistant Sheila Spinner, Warden Lance Moore, and Head Nurse Debra Cowan. However, it failed to consider Alderson's claim that Lieutenant Harvey Bryant impermissibly delayed the initial medical evaluation and improperly dismissed Alderson's claim that Bryant failed to assist him in filling his prescription. To establish liability based on a delay in medical treatment, a plaintiff must show deliberate indifference to serious medical needs that resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006). A plaintiff can show deliberate indifference by showing that an official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* The pain suffered during a delay in treatment can constitute a substantial harm and form the basis for an award of damages. *Id.* at 464–65.

The district court determined that Alderson failed to allege facts supporting an inference of deliberate indifference by any of the defendants.[6]

---

[6] In determining that Alderson had not alleged deliberate indifference, the district court noted, "[Alderson] was informed that he would not be able to get the prescription immediately because of the Christmas Holiday, not because of wanton, reckless, or causeless actions by the defendants." However, the district court did not cite any authority, nor have we found any authority, suggesting that the occurrence of the Christmas holiday obviates the

No. 15-30610

Alderson alleges that Bryant delayed his medical treatment in two ways. First, Alderson alleges that Bryant delayed his medical treatment by placing him in lockdown upon learning of his condition, waiting until numerous complaints had been made by Alderson and his family before taking further action, and then leaving Alderson for another hour before taking him to the hospital. This is an allegation that Bryant's initial response to Alderson's medical needs was to refuse treatment and ignore his complaints, which constitutes deliberate indifference. Second, Alderson alleges that Bryant further delayed his treatment when he responded to Alderson's request for his prescription medications by telling him to "[m]an up," ignoring Alderson's complaints and evincing wanton disregard for his serious medical needs. These allegations, if true, could support an inference of deliberate indifference on the part of Bryant. *See id.* at 464.[7]

The district court concluded that, even if Alderson alleged deliberate indifference, he failed to allege facts supporting an inference that he suffered substantial harm because he did not allege "a life-long handicap or permanent loss." However, Fifth Circuit precedent does not limit substantial harm to life-long handicap or permanent loss.[8] Rather, our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference. *Id.* Alderson has alleged that he suffered a "tremendous amount of pain"

---

obligation of correctional facilities' employees to provide prescription medication for over a week when they have knowledge that the medication needs to be administered as prescribed.

[7] Alderson has not alleged that Moore, Spinner, or Cowan engaged in any acts that delayed his medical treatment. Thus, dismissal of the claims against these defendants was correct.

[8] The only Fifth Circuit decision cited by the district court in this regard is *Wesson v. Oglesby*, 910 F.2d 278 (5th Cir. 1990), in which we held that a "minor delay" in obtaining medical treatment for a prisoner who had swollen wrists and some bleeding did not constitute deliberate indifference to serious medical needs. *Id.* at 284. In another case, we held that a four-hour delay in treatment could provide grounds for § 1983 liability. *Easter*, 467 F.3d at 461.

during the delay in obtaining pain medications and risked a greater likelihood of infection during the delay in obtaining antibiotics. As discussed above, Alderson has alleged that Bryant was deliberately indifferent in failing to make an effort to help him obtain the medications he needed because of his bruised or broken ribs and risk of infection. These allegations are sufficient to allege that Bryant's deliberate indifference in delaying medical treatment caused Alderson to suffer substantial harm. *See id.*[9]

## C.

Although the district court correctly dismissed Alderson's failure-to-protect claims and Alderson's medically related claims against Administrative Assistant Sheila Spinner, Warden Lance Moore, and Head Nurse Debra Cowan, the dismissal should have been without prejudice. "When the dismissal of a pro se complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an opportunity to file an amended complaint." *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995); *see also Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982). However, a district court may dismiss with prejudice if the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings "demonstrate that the plaintiff has pleaded his *best case*." *Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986) (affirming dismissal with prejudice for failure to state a claim when plaintiff did not file a supplemental complaint but did file an extensive response to the defendants' motion to dismiss, alleging facts that suggested negligence but not deliberate

---

[9] We note that it is not clear at this preliminary stage whether Bryant actually had authority to call in medical staff to fill the prescription or had other means of assisting Alderson to get the prescription filled. Nevertheless, construing Alderson's *pro se* pleadings under "less stringent standards than formal pleadings drafted by lawyers," we hold that Alderson has pleaded a plausible claim of Bryant's liability. *See, e.g.*, *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014).

indifference in a § 1983 action); *see also Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (affirming dismissal with prejudice of § 1983 action brought by an inmate proceeding *pro se* and *in forma pauperis* who had no opportunity to amend his complaint but who was given a questionnaire to bring his claims into focus because inmate did not "allege what facts he would include in an amended complaint"). "The principal vehicles which have evolved for remedying inadequacy in prisoner pleadings are the *Spears* hearing and a questionnaire to bring into focus the factual and legal bases of prisoners' claims." *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

Here, the district court did not conduct a *Spears* hearing or give Alderson a questionnaire, and we are not persuaded that his opportunity to amend his complaint was adequate or that he has necessarily pleaded his best case.[10] Alderson's amended complaint suggests that he understood the magistrate judge's instruction as a direction not to plead his claims against CPCF and that he did not appreciate the specificity with which he must plead the grounds for each individual defendants' liability.[11] With the benefit of more specific allegations, Alderson may be able to state a claim. Because it is not clear that Alderson amended his complaint with a sufficient understanding of the inadequacies in his original pleading or that he has pleaded his best case, the general rule that dismissal should be without prejudice applies. *See Rodriguez*, 66 F.3d at 97.

---

[10] We recognize that a district court is not required to use a *Spears* hearing or a *Watson* questionnaire prior to dismissal. *See Green v. McKaskle*, 788 F.2d 1116, 1120–21 (5th Cir. 1986).

[11] The magistrate judge's instructions directed, in relevant part, that Alderson should "provide the names of the individuals whom he believes violated his constitutional rights, and . . . state what each defendant did in violation of his rights." Alderson's amended complaint provides the names of the individuals he believes violated his rights and states what the defendants did in violation of his rights, although it fails to state what the defendants did with adequate specificity, as discussed above.

No. 15-30610

## III.

For the reasons stated above, we AFFIRM the district court's dismissal of all claims except those against Lieutenant Harvey Bryant.  We REVERSE the district court's dismissal of the claim that Bryant impermissibly delayed the filling of Alderson's prescription and REMAND for further consideration both of this claim and of the previously unconsidered claim that Bryant impermissibly delayed Alderson's initial medical evaluation.

AFFIRMED IN PART; REVERSED IN PART.

No. 15-30610

JAMES E. GRAVES, JR., Circuit Judge, specially concurring in part:[1]

I write separately because the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015), appears to call into question this court's holding in *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996). In *Kingsley*, which was an excessive force case, the Supreme Court indeed said: "Whether that standard might suffice for liability in the case of an alleged mistreatment of a pretrial detainee need not be decided here; for the officers do not dispute that they acted purposefully or knowingly with respect to the force they used against Kingsley." *Kingsley*, 135 S.Ct. at 2472. However, that appears to be an acknowledgment that, even in such a case, there is no established subjective standard as the majority determined in *Hare*. Also, the analysis in *Kingsley* appears to support the conclusion that an objective standard would apply in a failure-to-protect case. *See id.* at 2472-2476.

Additionally, the Supreme Court said:

> We acknowledge that our view that an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment may raise questions about the use of a subjective standard in the context of excessive force claims brought by convicted prisoners. We are not confronted with such a claim, however, so we need not address that issue today.

*Id.* at 2476. This indicates that there are still different standards for pretrial detainees and DOC inmates, contrary to at least some of the language in *Hare*, 74 F.3d at 650, and that, if the standards were to be commingled, it would be toward an objective standard as to both on at least some claims.

Further, the Ninth Circuit granted en banc rehearing in *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), after a partially dissenting panel judge wrote separately to point out that *Kingsley* "calls into question our

---

[1] I dissent as to footnote four.

13

No. 15-30610

precedent on the appropriate state-of-mind inquiry in failure-to-protect claims brought by pretrial detainees."[2]  The en banc court concluded that *Kingsley* applies to failure-to-protect claims and that an objective standard is appropriate.  *Castro*, 833 F.3d at 1068-1073.

In *Estate of Henson v. Wichita County*, 795 F.3d 456 (5th Cir. 2014), decided just one month after *Kingsley*, this court did not address any application of *Kingsley*.  Likewise, the two subsequent cases also cited by the majority did not address or distinguish *Kingsley*.[3]  Because I read *Kingsley* as the Ninth Circuit did and would revisit the deliberate indifference standard, I write separately.

---

[2] *Castro v. County of Los Angeles*, 797 F.3d 654, 677 (9th Cir. 2015).

[3] *Hyatt v. Thomas*, 843 F.3d 172 (5th Cir. 2016), and *Zimmerman v. Cutler*, 657 F.App'x 340 (5th Cir. 2016).

14