# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50937
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 24, 2017

Lyle W. Cayce
Clerk

MILTON LEE GARDNER,

Plaintiff-Appellant

v.

DISTRICT ATTORNEY ROY DEFRIEND; ASSISTANT DISTRICT ATTORNEY BRODY BURKS; ASSISTANT DISTRICT ATTORNEY BETH TOBEN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-394

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Milton Lee Gardner, Texas prisoner # 1913734, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights lawsuit for failure to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii), (h), 1915A(b)(1), (c).  He complains that the district court did not address his claim that the county jail where he was a pretrial detainee violated his constitutional right of access to the courts when it failed to provide

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50937

legal resources he needed to litigate a civil protective order case brought by the defendants.

We may affirm on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Our standard of review of a dismissal under § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim is de novo, and we apply the same standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A complaint fails to state a claim for purposes of Rule 12(b)(6) when it does not contain sufficient factual matter which, if accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Gardner's access-to-courts claim rests on an indisputably meritless legal theory. *See Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994). His underlying litigation of the civil protective order did not involve an attack on his sentence or a challenge to the conditions of his confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996). Therefore, it was not the kind of claim for which the Constitution requires a jail to provide legal resources. *See id.*; *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010); *Loden v. Hayes*, 208 F. App'x 356, 359 (5th Cir. 2006).

The district court's dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We remind Gardner that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.