# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-41067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2018

Lyle W. Cayce
Clerk

RONNIE JAMES LAFLEUR, SR.,

Plaintiff-Appellant

v.

ST. ELIZABETH HOSPITAL STAFF EMERGENCY ROOM; JOHN CROSS, Police Officer; TREY BILLINGSLEY,

Defendants-Appellees

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-621

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Ronnie James Lafleur, Sr., Texas prisoner # 1891989, appeals the district court's dismissal of his 42 U.S.C. § 1983 action, in which he claimed that he suffered deliberate indifference to his medical needs with regard to the treatment of four gunshot wounds.   Under the deliberate indifference standard, the plaintiff must show that the defendant "knew of and disregarded

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41067

a substantial risk of serious harm." *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419-20 (5th Cir. 2017).

Taking the facts alleged by Lafleur as true and viewing them in the light most favorable to him, he has not shown that the district court erred under 28 U.S.C. § 1915(e)(2)(B) in dismissing his claims that the medical staff of St. Elizabeth Hospital's emergency room violated his constitutional rights by failing to provide sufficiently extensive treatment. *See Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Acts of negligence, medical malpractice, and disagreements about medical treatment are insufficient to state a claim of deliberate indifference. *See Gobert*, 463 F.3d at 346.

Lafleur's challenge to the district court's award of summary judgment to police officers John Cross and Trey Billingsley also is unavailing. The district court did not err in awarding the officers summary judgment based on qualified immunity because Lafleur's allegations in the district court, taken as true and viewed in the light most favorable to him, did not set forth a constitutional violation by the officers. *See Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010); *Gobert*, 463 F.3d at 346. Lafleur does not brief any argument challenging the district court's dismissal of his claims against the City of Beaumont, and he has thus waived any such challenge. *See Hannah v. United States*, 523 F.3d 597, 600 n.1 (5th Cir. 2008).

For the first time here, Lafleur claims that Cross and Billingsley were also deliberately indifferent because they made him sit on a metal seat in the patrol car and strapped a seat belt across a wounded area. We do not consider these claims because they were not raised in the district court. *See Hannah*, 523 F.3d at 600 n.1.

No. 17-41067

Lastly, the district court did not err in denying the appointment of counsel, as Lafleur's case did not present extraordinary circumstances warranting appointed counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). Lafleur's motion for appointment of counsel on appeal is denied.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.