# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30475
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2019

Lyle W. Cayce
Clerk

CORNELIUS LORENZO WILSON,

Plaintiff-Appellant

v.

DENNIS GRIMES, Lieutenant Colonel; SID J. GAUTREAUX, III, Sheriff; LINDA OTTESEN; CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE CONSOLIDATED GOVERNMENT; JAMES M. LEBLANC; ROBERT TANNER; TIMOTHY HOOPER; ABC INSURANCE COMPANIES; RAMAN SINGH, Doctor; TAMRYA YOUNG; KAREN COMEAUX; OTHER AS YET UNKNOWN DEFENDANTS,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-680

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Cornelius Lorenzo Wilson, Louisiana prisoner #356241, filed a 42 U.S.C. § 1983 lawsuit against, inter alia, Sheriff Sid J. Gautreaux, III, Lieutenant Colonel Dennis Grimes, Linda Ottesen, Raman

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30475

Singh, M.D., Tamyra Young, and Karen Comeaux, alleging that they were liable under the Eighth Amendment for denying him timely access to a medical specialist during his confinement in the East Baton Rouge Parish Prison (EBRPP) and various facilities overseen by the Louisiana Department of Safety and Corrections (DOC), which resulted in the late diagnosis and treatment of his throat cancer and required him to undergo a laryngectomy. He further alleged that Grimes and Ottesen, acting in their official capacities, were responsible under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), for establishing policies or practices that denied him access to constitutionally adequate care.  The district court granted the defendants' motions to dismiss pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim on the grounds that the allegations in Wilson's second amended complaint failed to state a plausible claim that any of the defendants were deliberately indifferent to his serious medical needs or to defeat the defendants' assertions of qualified immunity.  Wilson now appeals the dismissal of his claims and the district court's denial of his request to file a third amended complaint.

Our de novo review of Wilson's second amended complaint, which was prepared by counsel, confirms that the district court correctly concluded that his factual allegations, taken as true, complain of the delay in providing access to a medical specialist rather than the denial of medical care and, therefore, effectively constitute only a disagreement with his medical treatment.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Accordingly, Wilson's complaint failed to state a facially plausible claim that any defendant was deliberately indifferent to a serious medical need.  *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016); *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421-22 (5th Cir. 2017); *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006).  Further, the district court did not err in dismissing

2

No. 18-30475

claims against Grimes and Ottesen in their individual capacities on the basis of qualified immunity based on Wilson's failure to adequately allege a constitutional violation. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because Wilson failed to sufficiently allege that his constitutional rights were violated while he was confined at the East Baton Rouge Parish Prison, his official capacity claims against Grimes and Ottesen also were properly dismissed. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010). Because Wilson fails to brief whether Singh, Young, and Comeaux were correctly dismissed on the basis of qualified immunity, he has waived his challenge to that determination. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).

As the district court observed, Wilson's two counseled complaints were highly detailed. They also were prepared by counsel after Wilson obtained his EBRPP and DOC medical records, and Wilson identifies no additional factual allegations that would cure the pleading deficiencies in his second amended complaint. Accordingly, the district court's denial of Wilson's request to file a third amended complaint was not erroneous. *See Brown v. Taylor*, 911 F.3d 235, 247 (5th Cir. 2018); *Thomas*, 832 F.3d at 590.

AFFIRMED.