# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2019

Lyle W. Cayce
Clerk

No. 18-11048
Summary Calendar

ANTHONY R. TREJO, also known as Anthony Robert Trejo,

Plaintiff-Appellant

v.

JANSSEN PHARMACEUTICAL PRODUCTS, L.P.; TEXAS DEPARTMENT OF HEALTH AND HUMAN SERVICES; DOCTOR DANA BUTLER; NFN MILLER, LVN; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JOSE A. LIRA; JANE/JOHN DOE, Pharmacist; JEFF L. PIERCE; KRISTA M. TOMLINSON VASQUEZ,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:16-CV-204

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:*

Anthony R. Trejo, Texas prisoner # 832287, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint as barred by the statute of limitations and therefore frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  This court reviews

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11048

a dismissal under § 1915A de novo. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

Although Trejo argues that the dismissal deprived him of his right to access the courts, he fails to explain or meaningfully brief the issue. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Furthermore, a district court is not required to hold a *Spears*[1] hearing, and Trejo fails to identify any facts relating to the timeliness of his claims that would have been revealed during a *Spears* hearing. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 & n.10 (5th Cir. 2017).

As for equitable tolling, Trejo's contention that prison officials failed to answer his grievances is belied by the record. Moreover, he fails to explain how the answering of his grievances constitutes fraud. *See Yohey*, 985 F.2d at 224-25. We decline to address his argument that he was entitled to equitable tolling while suffering a disability because we do "not consider an issue that a party fails to raise in the district court absent extraordinary circumstances." *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

In light of the foregoing, the district court's judgment is AFFIRMED. Trejo's motion for appointment of counsel is DENIED. The district court's dismissal as frivolous constitutes a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759, 1762-63 (2015). Trejo is WARNED that accumulating three strikes will preclude him from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION DENIED; SANCTION WARNING ISSUED.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).