# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2021

Lyle W. Cayce
Clerk

No. 19-40913
Summary Calendar

Fred Hoffman, III,

*Plaintiff—Appellant*,

*versus*

Corey Furr; Isaac Kwarteng; Physician Susanna Corbett; Tonya Lawson; Ben Raimer,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CV-235

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

Proceeding *pro se*, Fred Hoffman, III, Texas prisoner # 1662898, challenges the dismissal, for failure to state a claim and as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), of his 42 U.S.C. § 1983 complaint.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

In maintaining defendants, prison employees and officials, violated his Eighth Amendment rights by failing to properly treat his diabetes, Hoffman asserts defendants adversely affected his health by: limiting him to two insulin injections per day; scheduling one of the injections at 3 a.m. (infringing on Hoffman's sleep); switching him to cheaper medications; and failing to provide him with a 3 a.m. snack, a special diet, and proper clothing. Hoffman also contends that, in retaliation for his filing administrative grievances and testifying in support of other inmates' actions, defendants: reduced his number of daily insulin injections from three to two; treated his failures to attend his 3 a.m. injection as disciplinary infractions; and switched him to a less-effective medication. Both claims fail. (Although Hoffman raised an equal-protection claim in district court, it is abandoned on appeal for failure to brief. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).)

Adopting a magistrate judge's report and recommendation, the district court dismissed Hoffman's complaint for failure to state a claim and/or as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Because the magistrate judge could have referred to either § 1915(e)(2)(B)(i) (frivolous claim) or § 1915(e)(2)(B)(ii) (failure to state a claim) in its recommendation, we review the dismissal *de novo*. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (reviewing *de novo* because the district court referred to both § 1915(e)(2)(B)(i) and § 1915A).

When reviewing a dismissal for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A(b)(1), we accept the facts alleged in the complaint as true and construe them in the light most favorable to plaintiff. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A complaint is frivolous if it lacks an arguable basis either in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

No. 19-40913

To state a claim under the Eighth Amendment based on inadequate medical treatment, a prisoner "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Hoffman fails to meet the deliberate-indifference standard because he does not show defendants were aware of, and then consciously disregarded, any substantial risk of serious harm.  *See Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) ("plaintiff must show that jail officials acted or failed to act with deliberate indifference to [the alleged] risk").  At most, his assertions amount to disagreements about his medical treatment, negligence, or medical malpractice—none of which amount to deliberate indifference to his serious medical needs.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

A retaliation claim under § 1983 requires a prisoner to allege:  "(1) a specific constitutional right, (2) . . . defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation".  *Jones v. Greninger*, 188 F.3d 322, 324–25 (5th Cir. 1999). Although plaintiffs can show retaliatory intent by alleging "a chronology of events from which retaliation may plausibly be inferred", *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (citation omitted), Hoffman fails to allege a sufficient chronology for any claimed retaliatory acts.

The district court's dismissal of Hoffman's complaint counts as a strike under 28 U.S.C. § 1915(g).  *See Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 241 (5th Cir. 2020).  Hoffman is cautioned:  if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

AFFIRMED; strike warning ISSUED.

3