# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2021

Lyle W. Cayce

Clerk

No. 19-60299
Summary Calendar

CARL R. BROWN,

*Plaintiff—Appellant*,

*versus*

T. BROWN; C. TROTTER; C. MURTAUGH; O. ELERY; MR.
DENISE, *Supervisor*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CV-830

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Carl R. Brown, former federal prisoner # 39138-044, appeals the dismissal of his suit against five federal prison employees for violating his Fifth Amendment right to equal protection by discriminating against him on

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

the basis of his religion, Hebrew Israelite, at his job in the prison. The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), concluding that Brown's claim presented a new context for a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and that special factors counseled against extending *Bivens* to imply a remedy for a prisoner's employment discrimination claim against his federal jailers.

Brown raises five issues on appeal. "We review a dismissal on the pleadings under Rules 12(b)(1) or 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Haddock v. Tarrant Cnty., Texas*, 986 F.3d 893, 897 (5th Cir. 2021) (internal quotation marks and citation omitted); *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020).

First, Brown argues that the Prisoner Litigation Reform Act (PLRA) is unconstitutional because it permitted the district court to deny his claim for damages due to his lack of physical injury. Brown misunderstands the district court's ruling. The district court did not "concede[]" that Brown stated a valid claim for relief, as he asserts; it concluded that he did not state a claim for relief under *Bivens*.

It is this decision, the basis for the district court's dismissal, that Brown challenges second. He argues that he stated a cognizable claim for relief based on the defendants' violating his right to be free from discrimination based on his religion. However, the district court concluded that his case presented a *Bivens* claim in a new context, and it listed special factors, including the availability of the administrative remedy program, the limitations imposed by the PLRA, and Congress's silence on prisoner employment claims and exclusion of religious discrimination claims under Title VII of the Civil Rights Act of 1964. Because Brown does not challenge

these conclusions, we consider these issues to be abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Brown also argues that he has a constitutionally protected interest in freedom from discrimination based on 28 C.F.R. § 551.90. However, Brown did not argue in the district court that he had a private right of action against the defendants based on § 551.90, and we will not address it now. *Ball v. LeBlanc*, 792 F.3d 584, 596 n.8 (5th Cir. 2015).

Third, Brown complains that the district court did not allow him to amend his complaint to seek nominal or punitive damages. "Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted). "Although leave to amend should be freely give[n] ... when justice so requires, a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (internal quotation marks and citation omitted). Because the district court determined that amendment would be futile, we review that decision de novo. *Id.* We conclude that, as Brown did not state a claim for relief under *Bivens*, the district court did not err by concluding that amending his complaint to request different unavailable damages would have been futile. *See id.*

Fourth, Brown argues that the district court should have construed his complaint against the defendants in their individual capacities. The district court decided that, to the extent Brown intended to sue the defendants in their official capacities, the claims were barred by the doctrine of sovereign immunity. Then, it construed his claim against the defendants in their individual capacities and considered the questions instructed by the Supreme

No. 19-60299

Court in *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017), ultimately declining to extend *Bivens* relief to this novel context.  Thus, this claim lacks merit.

Last, Brown argues that the district court should have permitted him to subpoena the defendants and should have held an evidentiary hearing. However, a district court does not err by dismissing a complaint without permitting discovery if the complaint fails to allege facts sufficient to suggest that discovery would reveal evidence in support of a viable claim.  *See Quinn v. Guerrero*, 863 F.3d 353, 365 (5th Cir. 2017).  Furthermore, there is no requirement that a district court conduct a hearing before dismissal.  *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 n.10 (5th Cir. 2017).  As the district court accepted Brown's factual allegations and Brown has not explained how the lack of a hearing prevented him from adequately presenting his claim, any error in the district court's failing to hold a hearing was harmless.  *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).

In light of the foregoing, the judgment of the district court is AFFIRMED.