# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2021

No. 19-20013
Summary Calendar

Lyle W. Cayce
Clerk

Rickie Thompson,

*Plaintiff—Appellant*,

*versus*

Doctor Sharma Sharad; John Sealy Hospital, Galveston Texas,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4240

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Rickie Thompson, Texas prisoner number # 828601, filed a pro se civil action citing 42 U.S.C. § 1983, in which he alleged that he was injured by surgery performed on his wrist by Dr. Sharma Sharad, M.D., at the John

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20013

Sealy Hospital in Galveston. He sued the doctor and the hospital and specifically alleged "malpractice." The district court screened the case under 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b) and dismissed it as frivolous, as barred by immunity, and for failure to state a claim, because the hospital is protected by Eleventh Amendment immunity and because malpractice is not a proper cause of action under § 1983. Thompson appeals and moves for appointment of counsel.

We review the dismissal de novo and accept the facts alleged in the complaint as true and construe them liberally in the light most favorable to Thompson. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted). "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) The prisoner must show the defendant's "actual knowledge and conscious disregard of the risk of harm to the plaintiff [and it] cannot be inferred from a prison official's mere failure to act reasonably [or] from negligence alone." *Lawson v. Dallas County*, 286 F.3d 257, 262-63 (5th Cir. 2002). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Thompson asserts conclusionally that Dr. Sharad intentionally treated him incorrectly. But his factual allegations show, at most, negligence or malpractice and not deliberate indifference. In addition, the defendant John Sealy Hospital is immune from suit under the Eleventh Amendment

and cannot be vicariously liable. *See Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

The district court's dismissal counts as a strike under § 1915(g). We decline to dismiss the appeal as frivolous, which would impose a second strike. Nonetheless, Thompson is warned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility, unless he is under imminent danger of serious bodily injury. *See* § 1915(g).

Judgment AFFIRMED; three-strikes WARNING ISSUED. The motion to appoint counsel is DENIED.