# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2021

Lyle W. Cayce
Clerk

No. 19-51191
Summary Calendar

Jesus Jimenez, Jr.,

*Plaintiff—Appellant*,

*versus*

Travis County Sheriff's Department; Sally Hernandez, *Sheriff*; Arnold Macias, *Officer #3201*; Kenneth Vohrpal, *Officer #4078*; Mark Hardin, *Sergeant #749*; B. Hamilton, *Officer #1751*; D. Dorado, *CTAC Supervisor Sergeant*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-CV-678

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Proceeding pro se, Jesus Jimenez, Jr., former Texas prisoner # 1552883, filed a complaint pursuant to 42 U.S.C. § 1983 alleging deliberate

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

indifference and excessive use of force while he was a pretrial detainee. The district court granted summary judgment in favor of the defendants, and Jimenez now appeals. We review such a ruling de novo. *Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). "A dispute is genuine if the summary judgment evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Hyatt*, 843 F.3d at 177 (internal quotation marks and citation omitted). "We review evidence in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Jimenez's complaint focuses on a December 2016 accident involving two inmate transport buses. He maintains that the defendants showed deliberate indifference to his safety by placing him on a bus without providing him with seat belts and that he suffered severe injuries when a bus sent to replace a disabled transport vehicle backed into the bus where Jimenez was located. In addition, Jimenez maintains that the defendants failed to provide medical care at the scene of the accident and did not transport him immediately to medical personnel on his return to the Travis County Correctional Complex.

A pretrial detainee has a right to be protected from harm under the Due Process Clause of the Fourteenth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Because Jimenez is complaining of episodic acts of the defendants, the deliberate indifference standard of *Farmer v. Brennan*, 511 U.S. 825, 837-40 (1994), applies. *Hare*, 74 F.3d at 639, 647-48, 650. A prison official acts with deliberate indifference if "the

official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Jimenez has failed to show that the defendants evinced deliberate indifference for his safety, as there is no federally protected right to safety restraints in prison transport vehicles and because there was no summary judgment evidence establishing that the bus collision arose as a result of knowingly reckless behavior by the defendants. *Cf. Rogers v. Boatright*, 709 F.3d 403, 408-09 (5th Cir. 2013) (acknowledging that the absence of seat belts alone did not establish deliberate indifference but finding that the plaintiff's allegations that the defendant was driving recklessly and admitted to knowing of prior incidents was sufficient to demonstrate that the defendant was aware of the risk of harm). As for Jimenez's claims that he was denied medical care, the record reflects that he saw medical staff within three hours of the accident. He has not established that this delay resulted in substantial physical or psychological harm. *See Easter v. Powell*, 467 F.3d 459, 464-65 (5th Cir. 2006) (stating that a deliberate indifference claim may be based on a delay in receiving medical care if the delay resulted in substantial harm); *see also Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 422 (5th Cir. 2017) (applying *Easter* to a pretrial detainee).

Jimenez also contends that when he complained of his pain, the defendants threatened to drag him off the disabled bus if he did not move to the replacement vehicle. The Eighth Amendment standard applies to allegations of use of excessive force by both convicted prisoners and pretrial detainees. *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993). However, the use of verbal threats or offensive language does not violate the Constitution. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

No. 19-51191

As for Sheriff Sally Hernandez, Jimenez asserts that she implemented unconstitutional policies regarding the placement of seat belts in transport vehicles, failed to train staff in addressing medical issues following accidents, and did not correct the improper actions of her staff. He has failed to challenge the district court's conclusion that Hernandez was not personally involved in the alleged constitutional deprivations, and any such argument is therefore deemed abandoned. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). With respect to the claims of unconstitutional policies, Jimenez must establish that a supervisor "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). As noted above, there is no constitutional right to seat belts on inmate transport vehicles. *See Rogers*, 709 F.3d at 408. In addition, Jimenez has failed to show that at the time of the accident, Hernandez was in a position to enact policies and training regarding the transportation of inmates or the protocols to follow after an accident. *See Thompkins*, 828 F.2d at 304. To the extent that Jimenez is arguing that Hernandez should be held responsible for the acts of her subordinates, supervisory officials are not subject to respondeat superior liability under § 1983. *Id.* at 303.

In sum, Jimenez has not shown the existence of a genuine factual dispute that would overcome summary judgment. *See Hyatt*, 843 F.3d at 177. Accordingly, the judgment of the district court is AFFIRMED. Jimenez's motion for appointment of counsel is DENIED. His motion for leave to use original records on appeal is DENIED as unnecessary.

4