# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-20576
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2024

Lyle W. Cayce
Clerk

Jonathan Ridgley,

*Plaintiff—Appellant*,

*versus*

Tammy Currie,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2770

————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Jonathan Ridgley, Texas prisoner # 2287725, filed a 42 U.S.C. § 1983 complaint against Tammy Currie, the District Court Clerk for San Jacinto County, Texas, alleging that she violated his due process rights by failing to notify counsel of his appointment to represent Ridgley on direct appeal.  The

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

district court dismissed his complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. 1915A(b)(1), and Ridgley appealed.

District courts must dismiss a prisoner's § 1983 complaint if it is frivolous or fails to state a claim upon which relief may be granted. *Id.* Dismissals under § 1915A(b)(1) for failure to state a claim are reviewed de novo on appeal using the same standard applicable to dismissals pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016).

Ridgley's allegations amounted to a nothing more than a claim that Currie acted negligently by failing to notify counsel of his appointment, which does not rise to the level of a constitutional violation. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419–20 (5th Cir. 2017). Accordingly, the district court did not err in dismissing Ridgley's complaint for failure to state a claim under § 1915A(b). *See Legate*, 822 F.3d at 209-10.

For the first time on appeal, Ridgley asserts that Currie's failure to perform her duties constituted reckless disregard and callous indifference to his right to a direct appeal and that the district court should have awarded him punitive damages. We will not consider this new claim. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court's dismissal of the complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015). Ridgley is advised that if he accrues three strikes under § 1915(g), he will be unable to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See id.* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.