# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2025

Lyle W. Cayce
Clerk

No. 24-40719
Summary Calendar

_____

Robert A. Byrd,

*Plaintiff—Appellant*,

*versus*

Edward Delone, *Head Medical Unit Supervisor*; Karmyn Leal; Dynette Johnson,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-73

_____

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Robert A. Byrd, Texas prisoner # 1498941 and proceeding *pro se* in district court and on appeal, filed this action under 42 U.S.C. § 1983, claiming two nurses, Karmyn Leal and Dynette Johnson, and a supervisor, Edward Delone, delayed his medical care in violation of the Eighth Amendment by failing to reschedule his missed medical appointments for

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

complaints of back pain and failing to respond properly to his grievance. The district court granted defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Byrd renews his contentions that defendants, in their individual capacities, acted with deliberate indifference to his serious medical needs. (He has abandoned his claims against defendants in their official capacities.)

Our court reviews the dismissal under Rule 12(b)(6) *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff". *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Byrd asserts the court erred in dismissing his deliberate-indifference claims against Leal and Johnson, based on his allegation that they failed to reschedule his medical appointments. Delaying medical care constitutes an Eighth Amendment violation "if there has been deliberate indifference that *results in substantial harm*". *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013) (citation omitted) (emphasis in original). Deliberate indifference requires a plaintiff to show the public official: was "aware of facts from which an inference of a substantial risk of serious harm to an individual could be drawn"; and "actually drew the inference". *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (citation omitted). Byrd failed to allege sufficient facts that: Leal and Johnson were aware of his attempts to reschedule his medical appointments; they were aware of a substantial risk of serious harm; or his requests to them adequately described his physical condition. These key omissions render Byrd's deliberate-indifference claims against Leal and Johnson unavailing.

No. 24-40719

Turning to Byrd's deliberate-indifference claim against Delone, Byrd contends Delone improperly handled his step-one grievance and knew subordinate staff members were not properly attending to his medical condition. Byrd's assertion that Delone's handling of his grievance amounts to deliberate indifference is foreclosed by our precedent. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding inmate "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction"). Likewise, his contention that Delone is liable for the actions of his subordinates is also without merit. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017) ("Under § 1983, officials are not vicariously liable for the conduct of those under their supervision.") (citation omitted). In that regard, supervising officials may be liable for their own deliberate indifference "if, with subjective knowledge of the substantial risk of serious harm, he or she fails to supervise a subordinate and this failure causes a prisoner's rights to be violated". *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Byrd made no such allegations.

AFFIRMED.