NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-2984

_____

WILLIE STOKES,
                                                          Appellant

v.

C.O.I GEHR;  C.O.I. HIKES; DEPUTY COLLINS;
LT. YEAHEL; CAPTAIN GAVIN; JOHN KERESTES, Supt.;
JEFFREY BEARD

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-09-cv-01740)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 21, 2010

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed : November 1, 2010 )

_____

OPINION

_____

PER CURIAM

        Willie Stokes ("Stokes"), proceeding *in forma pauperis*, appeals from an order of

1

the District Court for the Middle District of Pennsylvania. We will affirm.

I.

Stokes is a prisoner in the custody of the Commonwealth of Pennsylvania, serving a life sentence at SCI Mahanoy ("Mahanoy") for murder and possession of the instrument of a crime. In a 28 U.S.C. § 1983 action filed against guards and supervisors affiliated with Mahanoy (as well as the Secretary of the Pennsylvania Department of Corrections), Stokes alleges the following. During March 2009, a "major search" of Mahanoy led to the discovery and seizure of legal material belonging to Stokes in the cell of inmate Steven Austin ("Austin").[1] Material confiscated by the guards included trial transcripts that Stokes planned to use in preparing a habeas corpus petition under 28 U.S.C. § 2254. When Austin's own papers were eventually returned to him, the transcripts were not among them. Stokes filed a grievance, and was told that since nothing was confiscated from him personally, there was nothing to return; a response to Austin's independent inquiry indicated that since the transcripts were not Austin's, they would not be returned to him either.

Stokes asserts that this confiscation of his legal materials has hindered his access to the courts. He maintains that he is innocent of the crime for which he is serving his

---

[1] The Pennsylvania Department of Corrections considers "property of another" to be contraband. See Commonwealth of Pennsylvania Department of Corrections, DC-ADM 203: Searches of Inmates and Cells § IV-D (June 15, 2004), available at http://www.portal.state.pa.us/portal/server.pt/document/919461/203_searches_of_i nmates_and_cells_pdf

sentence, insisting that a 2005 affidavit by a Frank Lee, a witness who testified at his trial, supports his claim of innocence when considered in tandem with the trial transcripts. He states that his attempts to obtain a second copy of the trial transcript have been for naught, as the case is "so old" that records are no longer available directly from the trial court. Therefore, Stokes seeks relief from the guards who confiscated the material (for failing to identify and document the seized items), senior officers of Mahanoy (for "failing to effectively manage the security office . . . with respect to the matter [sic] in which confiscated items are identified and stored"), and managers (for "deficient management") with regard to his lost legal claims, in the form of injunctive, compensatory, and punitive relief.

Stokes filed his original complaint in 2009. Defendants responded with a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), charging that Stokes had failed to properly plead an "actual injury" sufficient to sustain an access-to-the-courts claim. The Magistrate judge's Report and Recommendation suggested dismissal. The District Court agreed, but "rather than determining that amendment in this case would be futile," allowed Stokes to amend his complaint out of an "abundance of caution." Thereafter, Stokes filed a functionally identical amended complaint, to which defendants responded with another motion under 12(b)(6). The Magistrate judge recommended dismissal and the District Court dismissed. This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a District Court order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is plenary, and we accept all well-pleaded allegations contained in the complaint as true while drawing all reasonable inferences in Stokes' favor. Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184 (3d Cir. 2009). A complaint must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). But the complaint must also contain sufficient factual matter to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and it must be more than a formulaic recitation or a conclusory statement of the defendant's guilt. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009); Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n.27 (3d Cir. 2010).

We may summarily affirm if the appeal does not present substantial questions. See LAR 27.4; I.O.P. 10.6; United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000). In taking summary action, we may affirm on any basis that finds support in the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

III.

In order for Stokes to prevail on his access-to-the-courts claim, he must demonstrate an "actual injury, such as the loss or rejection of a legal claim." Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997). This requirement, derived from principles of standing, is an unwaivable constitutional prerequisite. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Oliver, 118 F.3d at 177. Here, Stokes alleges a "forward-looking" injury:

4

official action has impeded his ability to bring a valid, future suit. To state a claim for this kind of injury, "the [impeded] cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Christopher v. Harbury, 536 U.S. 403, 415 (2002); see also Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006) ("[A] litigant asserting an access claim must also prove that he has a *colorable underlying claim* for which he seeks relief . . . .") (emphasis added).

Stokes has failed to demonstrate that the underlying second or successive § 2254 petition described in his complaint would be viable under the exacting standard of 28 U.S.C. § 2244(b).[2] He argues that the 2005 affidavit establishes his "actual innocence," but other than asserting that Mr. Lee "lied" at his trial and that the "Commonwealth is in fact incorrect" he does not explain how this evidence would bolster his claim to innocence—nor does he provide the text of this affidavit.[3] This falls far short of the

---

[2] A motion under § 2254 would be "second or successive" because Stokes' first such petition was dismissed as untimely in Stokes v. District Attorney of the Cnty. of Philadelphia, 247 F.3d 539, 543 (3d Cir. 2001). See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA . . . .").

[3] Indeed, we considered—and rejected—what appears from the complaint's brief description to be a similar argument in a prior Application from Stokes under 28 U.S.C. § 2244(b)(3)(A). In that Application, Stokes maintained that "if the evidence contained in Mr. Lee's Affidavit had been available and presented at trial, a different verdict would have Likely [sic] resulted" and claimed that the facts contained in that Affidavit could not have been discovered earlier, even with due diligence. Application for Leave to File Second Petition for Writ of Habeas Corpus at 8, In Re Willie Stokes (3d Cir. Oct. 13, 2009) (No. 09-3628). At the

5

requirements of § 2244(b)(2). Stokes does not show that the information could not have been discovered earlier through due diligence, and moreover does not argue that "but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." He therefore fails to allege an underlying actual injury; thus, his access-to-the-courts claim must fail.

## IV.

Because this appeal presents no substantive legal issue, we will summarily affirm the District Court's judgment.

---

time, we concluded that Stokes had failed to meet the standards set forth in 28 U.S.C. § 2244(b)(2) for filing a second or successive habeas petition.