# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-10767
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2023

Lyle W. Cayce
Clerk

RANDAL LEE THOMPSON,

*Plaintiff—Appellant*,

*versus*

CITY OF WEATHERFORD MUNICIPALITY; STACY WHITE;
CHRISTOPHER BUMPAS; CITY OF WEATHERFORD POLICE
DEPARTMENT; MUNICIPAL COURT IN THE CITY OF
WEATHERFORD,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-201

———————————————————————

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Proceeding *pro se* and *in forma pauperis*, Randal Lee Thompson appeals the district court's dismissal, with prejudice, of his complaint as frivolous and

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). For the following reasons, we AFFIRM the district court's ruling.

## I. Factual and Procedural History

Thompson alleges that his constitutional rights were violated when Officer Christopher Bumpas illegally pulled his car over, ticketed and arrested him, and then conspired with Prosecutor Stacy White, the City of Weatherford ("City"), the Weatherford Police Department ("WPD"), and the Weatherford Municipal Court to "cover up" "policing for profits" within the City and the WPD. On February 27, 2023, a magistrate judge granted Thompson *in forma pauperis* status and the right to proceed with his case.

The magistrate judge determined that Thompson's complaint, as originally filed, was insufficient under Federal Rule of Civil Procedure 8 because it did not include "a short and plain statement of the claim showing that [he was] entitled to relief." Fed. R. Civ. P. 8(a)(2). To assist with the preliminary screening process under 28 U.S.C. § 1915, the magistrate judge ordered Thompson to complete a questionnaire in order to further develop his factual allegations. After missing both the court's March 30, 2023 deadline and its April 17, 2023 extended deadline, Thompson filed his response to the questionnaire on May 15, 2023. Without first seeking leave to file, Thompson also filed an amended complaint on April 11, 2023. Having reviewed the complaint and questionnaire response, the magistrate judge prepared a Report and Recommendation, recommending that Thompson's federal claims be dismissed with prejudice as legally frivolous and for failure to state a claim upon which relief could be granted.

The magistrate judge held that neither the complaint—as originally filed or amended—nor the questionnaire response alleged sufficient facts to implicate the City, the WPD, the municipal court, Officer Bumpas, or

No. 23-10767

Prosecutor White. Both the complaint and the questionnaire response—without providing facts supporting the alleged causes of action—cursorily raised due process violations and superficially referenced claims of conspiracy, evidence tampering, and perjury. The magistrate judge reasoned that Thompson's complaint and questionnaire response lacked "an arguable basis . . . in fact" such that his allegations failed to state legally cognizable claims. *See Neitze v. Williams*, 490 U.S. 319, 325 (1989).

Moreover, the magistrate judge held that Prosecutor White was entitled to absolute immunity from suit because Thompson presented a claim entirely related to her prosecutorial role and actions in initiating and carrying his case through the judicial process. *Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir. 1994). Additionally, the magistrate judge concluded that the *Heck* doctrine prevented Thompson from pursuing a civil action, which directly attacked the validity of his prior criminal trial, without first showing a favorable termination of the underlying proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a "plaintiff must prove that [his prior criminal conviction] has been reversed on direct appeal, expunged by executive order, declared invalid by [a] state tribunal authorized to make such determination, or called into question by [a] federal court's issuance of writ of habeas corpus"); *see also Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (holding that the plaintiff was "barred from any recovery and fail[ed] to state a claim upon which relief [could] be granted" because he "[had] not satisfied the favorable termination requirement of *Heck*"). Lastly, the magistrate judge recommended denying Thompson leave to file an amended complaint because allowing him another opportunity to revise his pleadings would be an inefficient use of judicial resources, would cause unnecessary delay, and would be futile.

The district court reviewed and adopted the magistrate judge's recommendation, dismissing Thompson's suit with prejudice as frivolous

and for failure to state a claim under the *in forma pauperis* statute, 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Thompson timely filed a notice of appeal.

## II. Standard of Review

We review claims dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion. *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). A district court may dismiss as frivolous the complaint of a prisoner proceeding *in forma pauperis* if it lacks "an arguable basis in law or fact." *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). We review claims dismissed for failure to state a claim under § 1915(e)(2)(B)(ii) *de novo*, *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007), applying the same standard used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While we construe *pro se* briefs liberally, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (internal quotation marks and citation omitted). A district court may dismiss an action with prejudice if the court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

## III. Discussion

Having considered Thompson's arguments and reviewed the record, we see no error in the district court's dismissal of his claims as frivolous and for failure to state a claim. Because Thompson's constitutional claims were frivolous under the *in forma pauperis* statute, the district court did not err in dismissing his claims with prejudice. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc). Accepting Thompson's allegations as true and

viewing them in the light most favorable to his case, he fails to state an actionable claim for relief. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Thompson had a fair opportunity to present his best case and did not allege facts that would, if proven true, warrant the relief he seeks.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment dismissing Thompson's suit with prejudice.