# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50621
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2024

Lyle W. Cayce
Clerk

Louis Charles Chapman,

*Plaintiff—Appellant*,

*versus*

Danny Wigfall, *Jailer-Bell County Jail*; FNU Varela, *Jailer-Bell County Jail*,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:23-CV-572

---

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Louis Charles Chapman appeals the district court's 28 U.S.C. § 1915(e)(2)(B) dismissal for failure to state a claim of his 42 U.S.C. § 1983 lawsuit. We review such dismissal de novo, *Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016), accepting Chapman's pleaded facts as true and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

viewing them in the light most favorable to him. *See Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013).

Chapman renews his claim that Officers Wigfall and Varela were deliberately indifferent to his safety when they led him back from recreation to his dorm, where he was punched in the face by another inmate. He asserts that the officers were negligent and violated prison policy by failing to conduct a walk-through to clear other inmates and secure the scene before leading him back. However, he has abandoned by failing to brief any argument challenging the district court's determination that the claim that the officers violated prison policy failed as it was not one of a constitutional dimension. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Chapman has likewise abandoned by failing to brief any argument challenging the district court's reason for dismissing his claims against the officers in their official capacities. *See Yohey*, 985 F.2d at 225; *Brinkmann*, 813 F.2d at 748.

Regarding the claim against the officers in their individual capacities, Chapman conceded in the district court that the officers were unaware that he faced any risk of harm or assault; consequently, he failed to state a claim for deliberate indifference. *See Thompson v. Upshur Cnty.*, 245 F.3d 447, 458-59 (5th Cir. 2001). Chapman now asserts, for the first time on appeal, that he and the inmate who assaulted him "had been combative toward each other verbally before the assault," that "the dorm and B shift knew it," and thus that the officers violated his constitutional rights by ignoring an obvious danger. Because he did not assert these facts in the district court, this court will not consider them. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

No. 23-50621

The district court correctly determined that Chapman's allegations amounted to no more than a claim that the officers were negligent, which does not give rise to a cognizable constitutional claim. *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017); *see Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Accordingly, dismissal was appropriate, and the district court's judgment is AFFIRMED. Chapman's motion for the appointment of counsel is DENIED. *See Delaughter v. Woodall*, 909 F.3d 130, 140-41 (5th Cir. 2018); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

This court's affirmance of the district court's dismissal of Chapman's complaint under 28 U.S.C. § 1915(e)(2)(B) counts as a single strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534-41 (2015); *see also* § 1915(h). Chapman is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).